## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEPHEN TURNER, ROCHELLE TURNER and THE CINCINNATI INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| MOEN STEEL ERECTION, INC., a Nebraska Corporation, | ) ) ) | 8:06CV227 |
| Defendant and Third-Party Plaintiff, | ) ) ) | MEMORANDUM AND ORDER |
| vs. | ) ) | |
| ENTERPRISE PRECAST CONCRETE, INC., | ) ) ) | |
| Third-Party Defendant. | ) ) | |

This matter is before the court on defendant's MOTION FOR LEAVE TO AMEND ANSWER [56] and MOTION TO AMEND THIRD-PARTY COMPLAINT [60]. Plaintiffs oppose both motions. *See* Filings 67, 68, 69 & 70. Moen did not file a brief in support of either motion[1], but did submit reply briefs after the motions were opposed.

### BACKGROUND

Plaintiff, Steven Turner, was a concrete finisher employed by Lund-Ross Constructors, Inc. ("Lund-Ross"), general contractor for the Omaha Park Eight Garage

---

[1]NECivR 7.1(a)(1)(A) provides: "A motion raising a substantial issue of law must be supported by a paginated brief filed and served contemporaneously with the motion. The brief shall state concisely the reasons for the motion and cite the authorities relied upon." These motions present substantial issues of law. Moen is hereby cautioned that any further substantive motions filed without a brief in violation of NECivR 7.1(a)(1)(A) will be deemed abandoned and summarily denied for failure to comply with the rule. It is less than equitable to require opposing parties to expend time and money responding to Moen's un-briefed motions and then allow Moen to brief its "case in chief" out of time by filing a "reply" brief.

project. The Cincinnati Insurance Company is Lund-Ross' workers compensation insurance

carrier.  On February 27, 2004, Turner was injured when a 4,600-pound precast concrete

wall panel fell and crushed him on the site of the Park Eight project.  Defendant ("Moen")

was the subcontractor that erected the concrete panel.  The third-party defendant,

Enterprise Precast Concrete, Inc. ("Enterprise"), manufactured the precast concrete wall

panel.  Beringer, Ciaccio, Dennell, Mabrey, Inc. ("BCDM") provided professional

architectural services, and AGA Consulting, Inc. ("AGA") provided professional engineering

services for the Park Eight project.

The parties' claims involve state law issues of negligence and product liability.

## LEGAL ANALYSIS

### A.  Standard of Review

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and

provides that leave to amend "shall be freely given when justice so requires."

> Given the courts' liberal viewpoint towards leave to amend, it should normally
> be granted absent good reason for a denial.... *See Thompson-El* [*v. Jones*,
> 876 F.2d 66, 67 (8th Cir. 1989)].  The classic "good reasons" for rejecting an
> amendment are:  "undue delay, bad faith or dilatory motive, repeated failure
> to cure deficiencies by amendments previously allowed, undue prejudice to
> the non-moving party, or futility of amendment ...."  *Id.* (citing *Foman v.
> Davis*, 371 U.S. 178 (1962)).

> Generally speaking, reviewing courts have found an abuse of discretion
> in cases where the district court denied amendments based on facts similar
> to those comprising the original complaint.  *See Bell v. Allstate Life Ins. Co.*,
> 160 F.3d 452, 454 (8th Cir. 1998) (citing *Sanders v. Clemco Indus.*, 823 F.2d
> 214, 216-17 (8th Cir. 1987); *Buder v. Merrill Lynch, Pierce, Fenner & Smith,
> Inc.*, 644 F.2d 690, 694 (8th Cir. 1981)).  The inclusion of a claim based on
> facts already known or available to both sides does not prejudice the
> non-moving party.  *See Buder*, 644 F.2d at 694.  A liberal amendment policy,
> however, is in no way an absolute right to amend.  *See Thompson-El*, 876
> F.2d. at 67.  Where an amendment would likely result in the burdens of

additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend. *See id.* at 68 (upholding lower court's refusal of motion to amend out of concern for extra discovery requirements and attendant delay).

*Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

**B. Filing [56], Motion for Leave to Amend Answer**

Moen seeks leave to amend its answer to the Complaint

to add the affirmative defenses that the trier of fact in this case should consider the negligent acts and omissions of Lund-Ross Constructors, Inc. and determine the percentage of negligence and fault of Lund-Ross Constructors, Inc. for those negligent acts or omissions pursuant to Nebraska Comparative Fault Act, Neb. Rev. Stat. § 25-21,185.07 to § 25-21,185.12.

Specifically, Neb. Rev. Stat. § 25-21,185.10 provides:

In an action involving more than one defendant when two or more defendants as part of a common enterprise or plan act in concert and cause harm, the liability of each such defendant for economic and noneconomic damages shall be joint and several.

In any other action involving more than one defendant, the liability of each defendant for economic damages shall be joint and several and the liability of each defendant for noneconomic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of noneconomic damages allocated to that defendant in direct proportion to that defendant's percentage of negligence, and a separate judgment shall be rendered against that defendant for that amount.

The court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

A United States District Court sitting in diversity jurisdiction must apply the substantive law of the forum state, in this case, Nebraska. *See Heatherly v. Alexander*, 421 F.3d 638, 641 (8th Cir. 2005); *Jordan v. NUCOR Corp.*, 295 F.3d 828, 834 (8th Cir. 2002).

In *Maxwell v. Montey*, 262 Neb. 160, 168, 631 N.W.2d 455, 462 (2001), the Nebraska Supreme Court held that, "under the plain language of § 25-21,185.10, there

must first be multiple defendants in the case before the allocation provisions of § 25-21,185.10 will operate. Therefore, in situations where there is only one defendant remaining in a case, the provisions of § 25-21,185.10 simply do not operate."  The court further stated:  "In other words, if there is only one defendant in a particular case at the point the case is submitted to a jury, the jury will not be allowed to allocate a percent of damages or negligence to 'phantom' defendants who have never been part or are no longer part of a proceeding."  *Id.* at 169, 631 N.W.2d at 462.

Lund-Ross is not a "defendant" or even a party to this action.  Applying the substantive law of Nebraska, and in light of the ruling in *Maxwell v. Montey*, I find that defendant's Motion for Leave to Amend Answer should be denied on grounds of futility.

## B.  Filing [60], Motion to Amend Third-Party Complaint

Moen seeks leave to amend its Third-Party Complaint to add four new third-party defendants:  Lund-Ross Constructors, Inc.; AGA Consulting, Inc.; City of Omaha; and Beringer, Ciaccio, Dennell, Mabrey, Inc.

Plaintiffs objected on the ground that Moen did not file any brief in support of its motion or show compliance with Fed. R. Civ. P. 14(a), governing the filing of third-party pleadings.  Moen then filed a reply brief regarding the merits of its motion.

Specifically, plaintiffs object to the addition of Lund-Ross and City of Omaha as third-party defendants.

### 1.  *City of Omaha*

Plaintiffs contend that Moen should not be allowed to file a third-party claim for negligence against the City of Omaha because Moen has not alleged compliance with the

-4-

Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 13-901 to 13-926.

Having considered the authorities cited by the parties, I believe the best-reasoned analysis

is offered by Judge Kopf in *Security First Bank v. Burlington N. & Santa Fe Ry. Co.*, 213

F. Supp. 2d 1087, 1095-96 (D. Neb. 2002), adopting Judge Denney's analysis in *Waldinger*

*Co. v. P & Z Co., Inc.*, 414 F. Supp. 59  (D. Neb. 1976).

> In *Waldinger,* the City of Omaha was named as a defendant in a
> negligence action involving the collapse of a slurry trench wall around the
> Omaha-Douglas County Civic Center.  The City filed a third-party complaint
> against the building contractors and the Omaha-Douglas County Public
> Building Commission, seeking indemnification or contribution.   The
> Commission moved to dismiss the third-party complaint for the City's failure
> to file a claim pursuant to the Political Subdivisions Tort Claims Act, arguing
> that "any claims not filed within one year of the injury are extinguished." *Id.,*
> 414 F. Supp. at 60.  Judge Denney denied the motion, predicting "that the
> Supreme Court of Nebraska would hold that claims for contribution and
> indemnification are not within the meaning and intent of the Political
> Subdivision Tort Claims Act."  *Id.*  As explained in the opinion:

>> Faced with similar statutes, the majority of courts have held that
>> claims for indemnification and contribution from a political subdivision
>> need not be filed pursuant to a tort claim act.  These decisions are
>> based on sound equitable principles.     Contribution and
>> indemnification are inchoate rights which do not arise until one tort
>> feasor has paid more than his share of the damages or judgment.  A
>> plaintiff may sue one tort feasor or he may join all tort feasors in one
>> suit.  He may also wait more than a year to file his suit.  To accept the
>> Commission's argument that the claim for contribution or
>> indemnification arises when the injury is incurred would allow plaintiff
>> to choose which defendant would bear the burden by simply filing his
>> lawsuit after the one year statute of limitations has run. The defendant
>> joint tort feasor, having no prior knowledge of a claim, would be
>> unable to file a claim prior to being joined in the lawsuit.

> *Id.* (citations omitted).

> *Waldinger* plainly does not stand for the proposition that was urged by the
> State and rejected by the Nebraska Supreme Court in *Northland* [*Ins. Co. v.
> State,* 242 Neb. 10, 492 N.W.2d 866 (1992)].  That is, Judge Denney did not
> hold that governmental immunity applies to claims for contribution or

indemnity; to the contrary, his decision presupposed that immunity was waived by the Political Subdivisions Tort Claims Act. *Waldinger* instead holds that the Act's one-year filing requirement does not apply to claims for contribution or indemnification, and, in particular, that a third-party complaint is not precluded by the Act. This holding was not directly material to any issue that was decided in *Northland*. In the absence of any dispositive ruling by the Nebraska Supreme Court, I will adhere to *Waldinger.*

*Security First Bank*, 213 F. Supp. 2d at 1095-96 (footnote omitted).

I find that Moen should be allowed to assert a third-party claim against the City of Omaha, notwithstanding any failure to comply with the Nebraska Political Subdivisions Tort Claims Act.

### 2. *Lund-Ross*

Plaintiffs argue, persuasively, that Nebraska law precludes Moen's filing a third-party complaint against Turner's employer, Lund-Ross "for purposes of allocation of its fault" and for contribution. Plaintiff, Cincinnati Insurance Company, is Lund-Ross' workers' compensation insurance carrier, and Stephen Turner has received benefits under this insurance policy. Under Neb. Rev. Stat. § 48-148,

> If any employee ... of any employer subject to the Nebraska Workers' Compensation Act files any claim with, or accepts any payment from such employer, or from any insurance company carrying such risk, on account of personal injury, or makes any agreement ... such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury.

By statute, the employer or its workers' compensation carrier, are given a subrogation right in the injured worker's settlement or recovery. *See* Neb. Rev. Stat. § 48-118.

It does not appear that Nebraska law would allow Moen to file a third-party complaint against Lund-Ross under the circumstances presented in this case:

We have recognized that the majority of jurisdictions have held that a third-party tort-feasor, who is liable for injuries to a worker, is not entitled to recover contribution from the worker's employer.  This is true even if the employer's negligence concurred in causing the injury and the injury was covered by a workers' compensation act.  *Vangreen v. Interstate Machinery & Supply Co.,* 197 Neb. 29, 246 N.W.2d 652 (1976).  In *Vangreen,* we stated:

> The decisions are based on two theories.  First, that an employer covered by a compensation act does not have a common liability with a third party tort-feasor which is a necessary requisite to securing contribution.  Second, that compensation acts must be construed as specifically limiting the liability of the employer, not only to the employee, but as to third persons as well.

197 Neb. at 31, 246 N.W.2d at 654.  Thus, we held in *Vangreen* that the Act bars an action by a third-party tort-feasor against the employer for contribution based on a claim arising from an injury to an employee.

*Harsh Int'l v. Monfort Indus., Inc.*, 266 Neb. 82, 86, 662 N.W.2d 574, 579 (2003).  Noting that the Nebraska Workers' Compensation Act provides the exclusive remedy by an employee against the employer for any injury arising out of and in the course of the employment, and  even intentional acts of an employer fall within the scope of the Act, the court specifically "decline[d] to create an exception that would extend the employer's liability to third parties."  *Id.* at 86-87, 662 N.W.2d at 579.

> As we noted in *Vangreen,* because of the exclusive remedy provision in § 48-148, an employer covered by the Act does not have a common liability with a third-party tort-feasor.  A common liability is a necessary requirement for securing contribution.  Further, the Act must be construed as specifically limiting the liability of the employer, not only to the employee, but as to third parties as well.  Accordingly, we do not recognize an exception that would allow a third party to seek contribution from the employer ...

The very nature of a third-party complaint in federal court is to implead persons, not already parties to the action, who "may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  Fed. R. Civ. P. 14(a).  Nebraska law

precludes any liability to Moen by Lund-Ross in this case.  Accordingly, Moen may not file a third-party complaint against Lund-Ross.

**3.   *AGA Consulting, Inc. and Beringer, Ciaccio, Dennell, Mabrey, Inc.***

The court finds that the requirements of Fed. R. Civ. P. 14 have been met as to Moen's proposed third-party claims against AGA and BCDM, and Moen will be allowed to assert third-party claims against AGA and BCDM.

## ORDER

For the reasons discussed above,

**IT IS ORDERED:**

1.  Moen's MOTION FOR LEAVE TO AMEND ANSWER [56] is denied.

2.  Moen's MOTION TO AMEND THIRD-PARTY COMPLAINT [60] is granted in part, and denied in part, as follows:

   a.  Moen may not file a third-party complaint against Lund-Ross Constructors, Inc.

   b.  Moen is given leave to file its proposed third-party claims against the City of Omaha, AGA Consulting, Inc. and Beringer, Ciaccio, Dennell, Mabrey, Inc.

   c.  Moen shall file and serve its Amended Third-Party Complaint, as modified in accordance with this Memorandum and Order, on or before **November 15, 2006**.

**DATED October 13, 2006.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**